UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Herc Rentals Inc.,<br>Plaintiff,<br>v.<br>The Ohio Casualty Insurance Company, Bond Nos. 023234150 and 023234151, and Faber Construction Corporation,<br>Defendants. | Case No. 2:26-cv-00849-JHC<br>**ORDER GRANTING MOTION TO DISMISS** |

This matter comes before the Court on Plaintiff's Motion to Dismiss. Dkt. # 23. The Court has considered the materials filed in support of an in opposition to the motion, the rest of the file, and the governing law. Being fully advised, the Court GRANTS the motion, DISMISSES Faber Construction Corporation's negligence counterclaim without prejudice, and GRANTS leave to amend.

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim. To survive a Rule 12(b)(6) motion, "[counterclaims] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the [counterclaims] as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). And if a complaint lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory[,]" a court should dismiss the complaint for failure to state a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

For the reasons presented by Plaintiff at Dkt. ## 23 and 25, the Court agrees that the independent duty doctrine bars Faber negligence counterclaim. The Court DISMISSES that counterclaim without prejudice and GRANTS Faber leave to amend that counterclaim. In doing so, the Court suggests that Faber carefully consider the arguments raised in the motion before deciding to amend. Any amended counterclaim must be filed on or before Wednesday, September 30, 2026.

DATED this 9th day of September, 2026.

John H. Chun

John H. Chun
United States District Judge